## SABBACH v WEEBER

Ohio Appeals, 3rd Dist, Marion Co
Decided May 6, 1931

F. Wiedeman, of Marion, for Sabbach.

H. Thompson and C. C. Fisher, Marion, for Weeber.

MAUCK, PJ, MIDDLETON and BLOSSER, JJ, (4th Dist) sitting.

**BLOSSER, J.**

Under the pleadings it was incumbent upon the plaintiff to prove the execution of the acceptances sued upon. Each cause of action alleges that the defendant executed and delivered these acceptances. The answer, being a general denial, put in issue every material allegation of the petition. Proof of the execution of the instruments could not be dispensed with unless the demand made upon the defendant's attorneys and their refusal, together with the affidavit, was a sufficient compliance with §11552 GC as to warrant the court in assuming the acceptances to be genuine. §11552 provides that

"Either party or his attorney in writing may demand of the adverse party an inspection and copy, or permission to take a copy, of a book, paper or document in his possession or under his control, containing evidence relating to the merits of the action or defense. * * * If compliance with the demand in four days be refused, on motion and notice to the adverse party, the court or judge may order the adverse party to give the other, within the time specified, an inspection and copy. * * * On failure to comply with such order the court may exclude the paper or document if offered in evidence, or if wanted as evidence by the party applying may direct the jury to presume it to be such as such party by affidavit alleges it to be."

The record in this case discloses that the demand was not served upon the defendant but upon his attorneys. The record fails to disclose that any order was made by the court with reference to such demand. The plaintiff did not sufficiently comply with §11552 GC so as to dispense with the proof of the execution of the acceptances sued upon, and the trial court was in error in assuming the acceptances to be genuine. Under the pleadings the main issue in the case was the execution and delivery of the acceptances. The court failed to submit that issue to the jury. On that issue the plaintiff offered no evidence. If the defendant's conduct in keeping or destroying the acceptances was believed by the jury it should, and probably did, create a very unfavorable impression against him. But in the failure of the plaintiff to offer any evidence of the execution and delivery of the trade acceptances sued upon, and the action of the trial court in not submitting that issue to the jury and in assuming that the acceptances were genuine and as claimed by the plaintiff, there was prejudicial error. No other prejudicial error has been pointed out, but for the above reasons the judgment is reversed and the case remanded to the Court of Common Pleas for further proceedings according to law.

MAUCK and MIDDLETON, JJ, concur.